AO 91 (Rev. 11/11) Criminal Complaint

```
                                            FILED
                                  UNITED STATES DISTRICT COURT
                                   ALBUQUERQUE, NEW MEXICO
```

# UNITED STATES DISTRICT COURT
## for the
### District of New Mexico

DEC 29 2016

MATTHEW J. DYKMAN
CLERK

United States of America )
v. )
) Case No. 16 mj 4512
Lewayne Deray JENNINGS )
Jerell Leveine WHITMAN-CRUTCHER II )
Marcus Bernard HARRIS Jr. )
)
Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __12/28/2016__ in the county of __Bernalillo__ in the __Federal__ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 846 (a)(1), (b)(1)(A) | Conspiracy to possess over 500 grams of a mixture or substance containing a detectable amount of methamphetamine with intent to distribute |

This criminal complaint is based on these facts:

**** SEE ATTACHED AFFIDAVIT ****

☐ Continued on the attached sheet.

_____
Complainant's signature

Jarrell W. Perry, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: __12/29/2016__

_____
Judge's signature

City and state: __Albuquerque, New Mexico__

Steven C. Yarbrough, US Magistrate Judge
Printed name and title

**AFFIDAVIT**

On December 28, 2016, Drug Enforcement Administration (DEA) Special Agent (S/A) Jarrell W. Perry reviewed a Greyhound Bus Passenger List, which revealed three different passengers names, Michael JOHNSTON, Joshau SIMPSON and Charles BRAXTON, reflecting travel from Phoenix, Arizona to Dayton, Ohio, which were paid for with cash. S/A Perry observed that the reservation number for JOHNSTON, SIMPSON and BRAXTON was the same, 20916727, which meant that JOHNSTON, SIMPSON and BRAXTON were traveling on the same reservation together. The Greyhound Bus Passenger List revealed that JOHNSTON, SIMPSON and BRAXTON each did not have any form of checked in luggage.

On December 28, 2016, S/A Perry and New Mexico State Police K-9 Officer Joshua Campos were at the Greyhound Bus Station, 320 First Street, Albuquerque, New Mexico to meet the eastbound Greyhound Bus which makes a regularly scheduled stop in Albuquerque, New Mexico.

S/A Perry and Officer Campos boarded the bus and began speaking with passengers. S/A Perry approached a male, later identified as Lewayne Deray JENNINGS, who was seated in his respective seat on the Greyhound Bus. S/A Perry asked for and received permission from JENNINGS to see his bus ticket, which revealed the name of Michael JOHNSTON, reflecting travel from Phoenix, Arizona to Dayton, Ohio. S/A Perry reviewed the Greyhound Bus ticket and immediately returned it to JENNINGS. S/A Perry asked JENNINGS if he had identification with him and JENNINGS said that it was located in his checked in luggage underneath of the bus. S/A Perry asked JENNINGS if he was traveling with anyone else and JENNINGS said that he was traveling alone. S/A Perry knew that this statement was not true. S/A Perry asked JENNINGS if he had any luggage with him on the bus and JENNINGS said that he had one piece of checked in luggage underneath of the bus, which S/A Perry knew was not a true statement. S/A Perry observed a black colored duffel bag lying partially underneath of the seat that JENNINGS was seated in. JENNINGS said that the duffel bag belonged to him. S/A

Perry asked for permission from JENNINGS to search his duffel bag for contraband. JENNINGS picked up his duffel bag and informed S/A Perry that he would search the duffel bag for S/A Perry. JENNINGS unzipped the duffel bag and began to remove clothing from inside. S/A Perry observed several oblong shaped bundles that were wrapped in clear plastic concealed inside of clothing. S/A Perry immediately knew from his experience that the bundles and packaging were consistent with illegal narcotics. S/A Perry handcuffed JENNINGS, thus placing him under arrest. Subsequent to JENNINGS arrest, identification was located on JENNINGS in the name of Lewayne Deray JENNINGS, which meant that JENNINGS was traveling under a false name on his Greyhound Bus ticket. JENNINGS was removed from the Greyhound Bus, along with his personal property.

Officer Campos approached a different male, later identified as Jerell Leveine WHITMAN-CRUTCHER II, who was seated in his respective seat on the Greyhound Bus. WHITMAN-CRUTHER II was seated across the aisle way and one seat forward of JENNINGS. Officer Campos displayed his badge to WHITMAN-CRUTCHER II, identified himself as a police officer to WHITMAN-CRUTCHER II, asked for and received permission to WHITMAN-CRUTCHER II to speak with him. Officer Campos asked for and received permission from WHITMAN-CRUTCHER II to see his bus ticket. WHITMAN-CRUTCHER II handed Officer Campos a Greyhound Bus ticket in the name of Charles BRAXTON. Officer Campos reviewed the bus ticket and immediately returned it to WHITMAN-CRUTCHER II. Officer Campos asked WHITMAN-CRUTCHER II if he had identification with him and WHITMAN-CRUTCHER II said no. Officer Campos asked WHITMAN-CRUTCHER II if he had any luggage with him and WHITMAN-CRUTCHER said no, but identified a small black drawstring type bag as belonging to him. WILLIAM-CRUTCHER informed Officer Campos that he had been in Arizona for the summer. Officer Campos asked WHITMAN-CRUTCHER II if he was traveling with anyone and WHITMAN-CRUCHTER said no. Officer Campos knew that this was not a true statement. Officer Campos asked for and received permission from WHITMAN-CRUTCHER to search his black drawstring type bag for contraband. Officer Campos located a Frontier Airlines Boarding Pass in the name of

Jerell WHITMAN-CRUTCHER revealing travel from Cincinnati, Ohio to Phoenix, Arizona on December 27, 2016. Subsequent to WHITMAN-CRUTCHER II's arrest, identification was located on WHITMAN-CRUTCHER II in the name of Jerell Leveine WHITMAN-CRUTCHER II, which meant that WHITMAN-CRUTCHER II was traveling on a false name on his Greyhound Bus ticket and that WHITMAN-CRUTCHER II traveled via airplane from Ohio to Arizona and stayed less than 24 hours prior to returning on the Greyhound Bus to Ohio.

Officer Campos approached a third male, later identified as Marcus Bernard HARRIS Jr., who was seated a few seats forward of JENNINGS. Officer Campos displayed his DEA badge to HARRIS, identified himself as a police officer to HARRIS, asked for and received permission from HARRIS to speak with him. Officer Campos asked HARRIS for permission to see his bus ticket and HARRIS handed Officer Campos a Greyhound Bus ticket in the name of Joshau SIMPSON. Officer Campos reviewed the bus ticket and immediately returned it to HARRIS. Officer Campos asked HARRIS if he had identification and HARRIS said no. HARRIS informed Officer Campos that he was in Arizona for five days visiting his girlfriend. HARRIS informed Officer Campos that he traveled by airplane to Arizona and that he had no form of luggage with him. Officer Campos believed this to be odd because HARRIS needed identification to travel via airplane and that he had no luggage with him while staying five days in Arizona. HARRIS also informed Officer Campos that he was traveling by himself, which Officer Campos knew was not a true statement. Subsequent to HARRIS' arrest, identification was located on HARRIS in the name of Marcus Bernard HARRIS Jr., which meant that HARRIS was traveling under a false name on his Greyhound Bus ticket.

Officer Campos located a black duffel bag in the overhead luggage compartment directly above HARRIS's seat that did not have a name tag attached. Officer Campos walked the black duffel bag from the front of the bus to the rear in an attempt to determine ownership. Officer Campos spoke with each and every passenger on the Greyhound Bus and no one claimed ownership of the black duffel bag, including HARRIS and WHITMAN-CRUTCHER    II. Officer Campos determined that the black duffel bag

was abandoned, carried it off of the Greyhound Bus and opened it. Officer Campos located numerous oblong shaped bundles, which were wrapped in clear plastic and brown plastic tape. Officer Campos knew from his training and experience that the bundles and packaging were consistent with illegal narcotics.

S/A Perry and Officer Campos boarded the bus and handcuffed HARRIS and WHITMAN-CRUTCHER II. HARRIS and WHITMAN-CRUTCHER II were removed from the Greyhound Bus, along with their personal property.

JENNINGS, HARRIS and WHITMAN-CRUTCHER II were transported to the DEA ADO by S/A Perry and Officer Campos. JENNINGS, HARRIS and WHITMAN-CRUTCHER II were strip searched and placed into holding cells.

At the DEA ADO, S/A Perry and Officer Campos conducted a thorough search of JENNING's black duffel bag, which revealed a total of eight (8) oblong shaped bundles, wrapped in clear plastic. Seven of the bundles had the letter "S" written in black marker on each bundle. S/A Perry and Officer Campos weighed the eight bundles for a total weight of approximately 3.75 gross kilograms (8.40 gross pounds). S/A Perry and Officer Campos cut into two of the eight bundles, which revealed a clear crystal like substance that field-tested positive for the presence of methamphetamine.

S/A Perry and Officer Campos conducted a thorough search of the other black duffel bag that was abandoned at the Greyhound Bus Station. S/A Perry and Officer Campos removed a total of twelve (12) oblong shaped bundles which were wrapped in clear plastic and brown plastic tape. Three of the twelve bundles were identical in size, shape and packaging with the letter "S" written in black marker on each of the three bundles to the bundles in JENNINGS black duffel bag. S/A Perry and Officer Campos weighed the twelve bundles for a total weight of approximately 6.05 gross kilograms (13.552 gross pounds). S/A Perry and Officer Campos cut into two of the twelve bundles, which revealed a clear crystal like substance that field-tested positive for the presence of methamphetamine.

S/A Perry and Officer Campos located a pair of "Hanes" brand boxers inside of the abandoned duffle bag which were similar in size, pattern design and name to the "Hanes" brand boxers that JENNINGS was wearing at the time of his arrest. S/A Perry and Officer Campos observed that the twelve bundles from the abandoned black duffel bag were concealed inside of a matching size 3XL sweat suit. S/A Perry and Officer Campos observed that WHITMAN-CRUTCHER II was wearing a size 2XL black sweat pants and jacket at the time of his arrest. S/A Perry observed that both JENNINGS and WHITMAN-CRUTCHER II were also wearing similar style basketball shorts that were similar to the basketball shorts that were located inside of the abandoned black duffel bag.

This affidavit is submitted for the limited purpose of providing probable cause to support the attached criminal complaint.

Jarrell W. Perry
Special Agent
Drug Enforcement Administration

United States Magistrate Judge
Steven C. Yarbrough